[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-10409; 19-10411
Non-Argument Calendar

_____

D.C. Docket Nos. 1:14-cr-20619-KMM-1,
1:12-cr-20630-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL R. CASEY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(November 21, 2019)

Before WILLIAM PRYOR, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Michael Casey appeals his sentence of 234 months of imprisonment for

conspiring to commit wire and mail fraud, 18 U.S.C. § 1349, and for failing to

appear, *id.* § 3146(a)(1), (b)(1)(A)(i). Casey challenges the denial of a reduction in his base offense level for acceptance of responsibility. United States Sentencing Guidelines Manual § 3E1.1 (Nov. 2018). He also argues that his sentence is substantively unreasonable. We affirm.

The district court did not clearly err when it denied Casey a reduction for acceptance of responsibility. Casey was not automatically entitled to a reduction for acceptance of responsibility for pleading guilty. *See id.* § 3E1.1 cmt. n.3. And his efforts to thwart his prosecution were inconsistent with acceptance of responsibility. After being indicted, Casey failed to appear for a status conference, lied to acquaintances concerning his whereabouts, and fled to Mexico, where he lived for four years until Mexican officials found him. Casey also attempted to evade arrest by arguing with the Mexican officials about his photograph being on a wanted poster and by giving the officers a false name. Casey's conduct resulted in an increase in his base offense level for obstruction of justice, *see id.* § 3C1.1, which "ordinarily indicates that [a] defendant has not accepted responsibility for his criminal conduct," *id.* § 3E1.1 cmt. n.4. Although a defendant may be punished for obstruction and receive an adjustment for accepting responsibility, that pairing should happen in only "extraordinary cases." *Id.* "Under clear error review, we will not disturb the district court's findings unless we are left with a definite and firm conviction that a mistake was made," *United States v. Delva*, 922 F.3d 1228, 1255

(11th Cir. 2019), and we cannot say that the district court made a mistake by finding that Casey did not have "that extraordinary case . . . that would warrant an acceptance of responsibility."

The district court also did not abuse its discretion when it sentenced Casey to 210 months of imprisonment for conspiracy and a consecutive term of 24 months for failure to appear. The district court reasonably determined that sentences at the low end of Casey's recommended guideline range of 210 to 262 months for conspiracy and within his guideline range of 0 to 120 months for failure to appear were required to address the statutory purposes of sentencing. *See* 18 U.S.C. § 3553. As the district court stated, it selected a sentence to address Casey's leadership role in a conspiracy to defraud in which he swindled about $18 million from more than 250 victims, his abuse of trust reposed in him as a lawyer, and his failure as "an officer of the court" to "adhere[] to the rule of law." Casey argues that the district court should have granted him a downward variance based on his age, his declining health, and the unlikelihood of his recidivism, but we cannot say the district court abused its discretion by assigning greater weight to other sentencing factors. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Casey also argues that his sentence is disparate to the sentences of 189 months and 168 months imposed, respectively, on coconspirators James Howard and Louis Gallo, but they are not similarly situated to Casey. *See* 18 U.S.C. § 3553(a)(6);

3

*United States v. Docampo*, 573 F.3d 1091, 1101–02 (11th Cir. 2009). Neither of

Casey's coconspirators fled to Mexico or were lawyers. Casey's sentence is

reasonable.

    We **AFFIRM** Casey's sentence.